\#          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF FLORIDA
            TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.                              Case No. 4:21cr-10-AW

DANIEL ALAN BAKER,

        Defendant.
_____/

### DEFENDANT'S OBJECTION TO GOVERNMENT'S REQUESTED JURY INSTRUCTION

Defendant, Daniel Baker, objects to portions of the Government's requested jury instruction, specifically, the last four paragraphs on page three of ECF No. 55.

While Mr. Baker has no objection to the first full paragraph on that page, it largely restates the language of the Pattern Instruction. The paragraphs regarding whether (a) the threat need be communicated directly to the intended victim, (b) whether the threat may be conditional, and (c) whether the threat must be imminent, while reasonably accurate, present a one-sided view and seem likely to lead the jury to disregard those factors. Having been told a threat need not

be directed to anyone, that it need not be imminent, and may be conditional, a jury faced with a "threat" in which a defendant stated he would harm someone, at some time, if some circumstance occurred, might wonder whether the communication amounted to a true threat. A balanced instruction would inform the jury that, though, the threat need not be aimed at anyone in particular, may be conditional, and may call for lawless action at an unspecified time, they may weigh those factors in deciding whether the communication is a true threat.

The request in the fourth paragraph tells the jury they need not concern themselves with the First and Second Amendment and would leave the decision of whether the "threat" was lawful to the Court. What a jury might interpret the role of the two amendments is anyone's guess. It makes little sense to mention either. If the instruction were correct, *i.e.*, if the decision about whether the "threat" was lawful was for the Court, the better instruction would be: "The question of whether the threatened conduct was lawful is a matter for the Court to decide."

The instruction, however, is incorrect. It is an element because if the communication is "to qualify as a true threat, [the] communication

2

must be a serious expression of an intention to commit *unlawful physical violence . . .*" *Elonis v. United States*, 135 S. Ct. 2001, 2019 (2015) (emphasis added). It must be an element. There isn't anything else it could be.

The guarantee of due process in the Fifth Amendment and the right to a jury trial found in the Sixth Amendment, provide a criminal defendant with the right to have a jury decide whether the Government has proved the elements of the offense beyond a reasonable doubt:

> It has been settled throughout our history that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). It is equally clear that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *United States v. Gaudi*n, 515 U.S. 506, 511 (1995).

*United States v. Booker*, 543 U.S. 220, 230 (2005). Then, too, "whether a speaker's language constitutes a threat is a matter to be decided by the trier of fact." *United States v. Kosma,* 951 F.2d 549, 555 (3d Cir 1991). *See also United States v. C.S.*, 968 F.3d 237, 243 (3d Cir. 2020). As an

element, then, the decision is for the jury, not the Court. The Government's proposed instruction would violate the Fifth and Sixth Amendments.

The jury's decision will require it to determine if Mr. Baker's proposed action amounted to a defense of the Capitol and, if so, whether it was reasonable, proportional, and necessary. In a case involving the enticement of a minor, in violation of 18 U.S.C. 2422(a), the Government must prove the defendant's conduct would have violated the law, and the court defines for the jury the elements of that offense. *See, e.g., United States v. Jockisch,* 857 F.3d 1122, 1126 (11th Cir. 2017) (where the court approved the district court's instructions requiring the jury to find the defendant was attempting to violate a criminal offense under the laws of Alabama and providing the elements of the relevant offenses.) Similarly, here, Mr. Baker's proposed instruction would require the jury to find his conduct unlawful and provides the jury with the information to determine whether it was.

4

## **CERTIFICATE OF SERVICE AND WORD COUNT**

I certify that a copy of the foregoing has been furnished electronically via ECF to Assistant United States Attorneys Lazaro Fields and Stephen Kunz this 27th day of April 2021. This motion has 809 words.

Respectfully submitted,

*/s/ Randolph P. Murrell*
Randolph P. Murrell
Federal Public Defender
Florida Bar No. 220256
227 N. Bronough St., Ste. 4200
Tallahassee, FL 32301
Phone (850) 942-8818
Attorney for the Defendant