IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v().                                              Case No. 4:21-cr-10-AW-MAF

**DANIEL ALAN BAKER,**

    **Defendant.**
_____/

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The court has considered Defendant's motion for early termination of supervised release (ECF No. 129) and the government's response (ECF No. 130). This order denies the motion.

A jury convicted Baker of transmitting treats to kidnap or injure, and the court sentenced Baker to concurrent 44-month sentences. ECF No. 103. Baker has completed his prison sentence and is roughly one year into his three-year term of supervised release.

A court can terminate a term of supervised release after one year of supervision, but only after considering certain of the § 3583(a) factors, and only if the court "is satisfied that such action is warranted by the conduct of the defendant

1

released and the interest of justice." 18 U.S.C. § 3553(e).[1] Having considered the relevant § 3553(a) factors, I conclude termination now would be inappropriate.

According to the motion, Baker has done well on supervision. He has maintained employment, has a reliable support system, and has not violated any terms of supervision. The government disputes none of this. And this is all encouraging and commendable. But Baker has been on supervision for a relatively short time. Moreover, his crime was serious and involved true threats to the public. Baker was fascinated with violence and firearms, and he has a history of mental-health issues. Under these circumstances, I conclude additional supervision is appropriate to provide adequate deterrence and public protection.

The motion for early termination (ECF No. 129) is DENIED.

SO ORDERED on July 22, 2024.

                                                      s/ *Allen Winsor*
                                                      United States District Judge

---

[1] Specifically, the court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e).